JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MFGPC, INC. and BACON BITES, INC.

**DEFENDANTS**
FIRST SAMCO, INC., ESTATE OF LOUIS DIEGIDIO and ALPHA AND OMEGA FIRE SPRINKLER COMPANY, INC.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF JONATHAN WHEELER, P.C.
Jonathan Wheeler, 1617 JFK Blvd, Suite 1270, Philadelphia, PA

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
|  | **PERSONAL PROPERTY** |  |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** |  |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☒ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §2201 and U.S.C. §1332
Brief description of cause:
Fire Damage to Leases Premises Caused by Defendants' Negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ IN EXCESS OF 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: 01/12/2015
SIGNATURE OF ATTORNEY OF RECORD: /s/ John Wh___

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiffs: 25108 Marguerite Parkway, Mission Viego, CA 92692 and 23 Fourth Avenue, Roseland, NJ 07068

Address of Defendants: 780 Haunted Lane, Bensalem, PA 19020 and 800 Haunted Lane, Bensalem, PA 19020 and 1823 Byberry Road, Bensalem, PA 19020

Place of Accident, Incident or Transaction: 780 Haunted Lane, Bensalem, PA 19020
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
 2. ☐ FELA
 3. ☐ Jones Act-Personal Injury
 4. ☐ Antitrust
 5. ☐ Patent
 6. ☐ Labor-Management Relations
 7. ☐ Civil Rights
 8. ☐ Habeas Corpus
 9. ☐ Securities Act(s) Cases
 10. ☐ Social Security Review Cases
 11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
 1. ☐ Insurance Contract and Other Contracts
 2. ☐ Airplane Personal Injury
 3. ☐ Assault, Defamation
 4. ☐ Marine Personal Injury
 5. ☐ Motor Vehicle Personal Injury
 6. ☐ Other Personal Injury (Please specify)
 7. ☐ Products Liability
 8. ☐ Products Liability — Asbestos
 9. ☒ All other Diversity Cases
    (Please specify)
    Fire Damage to Rented Premises

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Jonathan Wheeler, Esquire__, counsel of record do hereby certify:
 ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $75,000.00 exclusive of interest and costs;
 ☐ Relief other than monetary damages is sought.

DATE: __01/12/2015__    _____(signature)_____    __12649__
                                Attorney-at-Law                          Attorney I.D.#
**NOTE**: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __01/12/2015__    _____(signature)_____    __12649__
                                Attorney-at-Law                          Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiffs: 25108 Marguerite Parkway, Mission Viego, CA 92692 and 23 Fourth Avenue, Roseland, NJ 07068

Address of Defendants: 780 Haunted Lane, Bensalem, PA 19020 and 800 Haunted Lane, Bensalem, PA 19020 and 1823 Byberry Road, Bensalem, PA 19020

Place of Accident, Incident or Transaction: 780 Haunted Lane, Bensalem, PA 19020
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
 (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
    (Please specify)
    Fire Damage to Rented Premises

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Jonathan Wheeler, Esquire, counsel of record do hereby certify:
 ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $75,000.00 exclusive of interest and costs;
 ☐ Relief other than monetary damages is sought.

DATE: 01/12/2015    _____    12649
                     Attorney-at-Law              Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/12/2015    _____    12649
                     Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MFGPC, INC., et al. | : | CIVIL ACTION |
| v. | : | |
| FIRST SAMCO, INC., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 1/12/15 | Jonathan Wheeler | Plaintiffs |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 215-568-2900 | 215-568-2901 | jwheeler@jwheelerlaw.com |
| Telephone | FAX Number | E-Mail Address |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MFGPC, INC.<br>25108 Marguerite Parkway<br>Mission Viejo, California 92692<br>   and<br>BACON BITES, INC.<br>23 Fourth Avenue<br>Roseland, New Jersey 07068<br><br>vs.<br><br>FIRST SAMCO, INC.<br>780 Haunted Lane<br>Bensalem, PA 19020<br>   and<br>ESTATE OF LOUIS DIEGIDIO<br>800 Haunted Lane<br>Bensalem, PA 19020<br>   and<br>ALPHA AND OMEGA FIRE SPRINKLER<br>COMPANY, INC.<br>1823 Byberry Road<br>Bensalem, PA 19020 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     Civil Action No.<br><br>    JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

1.  MFGPC, Inc. ("MFGPC"), is a corporate entity duly organized and existing under the laws of the State of California which maintains its principal place of business at the address set forth above. MFGPC, Inc. is a citizen and domiciliary of the State of California.

2.  Bacon Bites, Inc. ("BACON BITES"), is a corporate entity duly organized and existing under the laws of the State of New Jersey which maintains its principal place of business at the address set forth above. BACON BITES is a citizen and domiciliary of the State of New Jersey.

3.  Defendant, First Samco, Inc. ("FIRST SAMCO"), is a corporate entity duly

organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal place of business at the address set forth above. FIRST SAMCO is a citizen and domiciliary of the Commonwealth of Pennsylvania.

4. Defendant, Estate of Louis Diegidio ("DIEGIDIO"), is a corporate entity maintaining its principal place of business at 800 Haunted Lane, Bensalem, PA 19020. DIEGIDIO is a citizen and domiciliary of the Commonwealth of Pennsylvania.

5. Defendant, Alpha and Omega Fire Sprinkler Company, Inc., ("ALPHA") is a corporate entity duly organized under the laws of the Commonwealth of Pennsylvania which maintains its principal place of business at the address set forth above. ALPHA is a citizen and domiciliary of the Commonwealth of Pennsylvania.

## JURISDICTION

6. Jurisdiction is based upon Diversity of Citizenship pursuant to 28 USC 1332 et seq. there being a complete Diversity of Citizenship between Plaintiffs and all Defendants and the amount in controversy being in excess of $150,000.00 exclusive of interest and costs.

## OPERATIVE FACTS

7. At all times material hereto, DIEGIDIO was the owner of a certain industrial park located at 780 Haunted Lane, Bensalem, PA 19020, known as the "Waters Edge Industrial Park"("WATERS EDGE").

8. At all times material hereto, FIRST SAMCO was a tenant in WATERS EDGE and leased premises identified as 780 Haunted Lane, Bensalem, PA 19020, pursuant to a Lease Agreement with DIEGIDIO.

9. ALPHA is the sprinkler service company responsible for the testing, servicing, and inspection of the fire alarm protection and sprinkler system installed in WATERS EDGE,

and for at least three years prior to January 14, 2013, and most recently on April 30, 2014, had inspected, tested and serviced the fire alarm protection and sprinkler system located at WATERS EDGE, including the systems installed in premises occupied by FIRST SAMCO.

10. On January 14, 2013, a fire occurred at WATERS EDGE which originated in premises occupied by FIRST SAMCO which spread to adjoining premises and resulted in smoke, soot, and water damage as a result of the fire suppression efforts necessary to extinguish the fire.

11. Andrew Kasparian and Joseph Scavitto, trading as Gabe's Candy and Nut House, ("GABE'S"), is a tenant at WATERS EDGE occupying a unit identified as 778 Haunted Lane, Bensalem, PA 19020.

12. Prior to the fire, MFGPC and BACON BITES had entered into co-packaging agreements with GABE'S and in furtherance of this agreement, had caused substantial amounts of inventory and packaging for products to be produced and packaged by GABE'S pursuant to the co-packaging agreement to be placed in unit 780 Haunted Lane occupied by GABE'S.

13. As a result of the fire which occurred on January 14, 2013, the inventory and packaging materials placed by MFGPC and BACON BITES in the premises occupied by GABE'S were destroyed, and as a result of the destruction of this inventory and the consequential interruption of business activities by GABE'S as a result of damages caused by the fire, caused an interruption on the business activity of MFGPC and BACON BITES and MFGPC and BACON BITES suffered a loss of sales and business income in an amount in excess of $150,000.00.

14. Following the fire it was determined that the fire alarm and fire protective system had failed to function for its intended purpose, specifically resulting in a delay in notifying the

Fire Department and a continuous flow of water from the fire protection system until it was turned off by the Fire Department hours after the fire first occurred.

15. In addition, following the fire, it was determined that the fire protection sprinkler system was not "tied in" to the local authorities so as to notify them to suppress the fire once it was first detected by (and upon activation of) the fire protection sprinkler system, and that the water gong alarm failed to sound because a bird's nest had been built between the hammer and bell of the gong preventing the hammer from impacting the bell to sound the alarm.

16. Following the fire it was determined by the Bensalem Township Fire Department that the fire had originated in the packing area in the rear of the unit occupied by FIRST SAMCO specifically from the space heater located under the desk of an employee of FIRST SAMCO in which it negligently had been left on thereby overheating and causing the fire.

## **LIABILITY OF FIRST SAMCO**

17. At all times material hereto FIRST SAMCO was acting by and through its duly authorized agents, servants, workmen or employees, including, but not limited to Janet Frimet, who were acting at all times material hereto within the course and scope of their employment and on the business of said employer.

18. The fire which occurred on January 14, 2013, and the damages resulting therefrom were the direct, factual and proximate result of the negligence and carelessness of FIRST SAMCO acting by and through its duly authorized agents, servants, workmen or employees, consisting as follows:

    a. in failing to exercise reasonable proper care in the control of a space heater and cord so as to prevent the risk of fire;

    b. in permitting a space heater to operate when no one was present to oversee the

safe operation of the space heater;

      c. in failing to adequately instruct, supervise and train its employees as to the safe and proper use and/or proper placement of a space heater and its cord resulting in an associated risk of fire;

      d. in failing to provide, establish and/or follow proper and adequate controls to insure the proper placement and/or use of a space heater and its cord so as to prevent a fire.

## **LIABILITY OF DIEGIDIO**

19.    At all times material hereto DIEGIDIO was acting by and through its duly authorized agents, servants, workmen or employees, acting within the course and scope of their employment and on the business of said employer.

20.    As landlord for WATERS EDGE, DIEGIDIO had a duty to insure that its buildings were adequately maintained, especially with regard to the proper operation of the fire protection sprinkler system including the tenant space occupied by FIRST SAMCO so as to protect from harm the property of other tenants in the building including the tenant unit occupied by GABE'S which contained product and packing material owned by Plaintiffs.

21.    The direct, factual and proximate cause of the fire which occurred on January 14, 2013 and the resulting damage was the carelessness and negligence of DIEGIDIO acting by and through its duly authorized agents, servants, workmen or employees, consisting as follows:

      a. in failing to insure that the fire protection system was properly serviced, tested and inspected by ALPHA;

      b. in failing to insure that the fire protection sprinkler system was tied into the local authorities so that upon activation the local Fire Department would be immediately notified;

c. in failing to insure that the audible alarm on the premises was working upon activation of the fire protection sprinkler system;

d. in failing to insure that the fire protection sprinkler system did not violate the local or national codes including NFPA 25, the Pennsylvania Uniform Construction Code, by reference to the International Fire Code (2009) which was enforced through the Bensalem Township Fire Rescue Inspection;

e. in failing to maintain premises which were safe and protected from fire;

f. in permitting the spoilation of evidence relating to the cause of the fire by permitting its insurer to perform destructive testing on the space heater in question before it could be inspected or tested by Plaintiffs.

## **LIABILITY OF ALPHA**

22. At all times material hereto ALPHA was acting by and through its duly authorized agents, servants, workmen or employees, acting within the course and scope of their employment and on the business of said employer.

23. In undertaking to perform the servicing, testing and/or inspection of the fire protection sprinkler system at WATERS EDGE, ALPHA had a duty to insure that the fire protection sprinkler system was properly and adequately operating including the fact that the onsite alarm gong was audible and that the fire protection sprinkler system was tied into the local authority so as to notify the local Fire Department immediately upon its activation.

24. The direct, factual and proximate cause of the fire which occurred on January 14, 2013 and the resulting damage suffered by Plaintiffs was the carelessness and negligent breach of its duty of care caused by the acts or omissions of ALPHA'S agents, servants, workmen or employees, consisting as follows:

    a. in failing to insure that the fire protection sprinkler system was properly serviced, tested and inspected during their annual service and inspection visit;

    b. in failing to insure that the fire protection sprinkler system was tied into the local authorities so that upon activation the local Fire Department would be immediately notified;

    c. in failing to insure that the audible alarm on the premises was working properly upon activation of the fire protection system as required by the applicable code NFPA 25, reinspection, testing and maintenance of water based fire protection systems;

    d. in failing to insure that the fire protection sprinkler system did not violate local or national codes including NFPA 25 and Pennsylvania Uniform Building Code by reference to the International Fire Code (2009) which was enforced through the Bensalem Township Fire Rescue Inspection;

    e. in failing to otherwise act in a reasonable and proper manner as the sprinkler contractor to ensure that the fire protection sprinkler system and alarms were operating properly so as to warn tenants of the building upon the occurrence of a fire and to inspect the system to prevent the excessive water discharge from the fire protective system.

## COUNT I
## MFGPC v. First Samco

25. MFGPC incorporates by reference herein the averments set forth in the foregoing paragraphs of Plaintiffs' Complaint, as fully as though same were here set forth at length.

26. As a result of the acts or omissions of FIRST SAMCO, MFGPC suffered damage and loss to its product and packaging materials together with a consequential loss of sales and business income for an amount in excess of $150,000.00.

**WHEREFORE**, MFGPC demands judgment against FIRST SAMCO for an amount in excess of $150,000.00 together with interest, costs and such other relief as the court may deem equitable and just.

### COUNT II
### MFGPC v. Diegidio

27. MFGPC incorporates by reference herein the averments set forth in the foregoing paragraphs of Plaintiffs' Complaint, as fully as though same were here set forth at length.

28. As a result of the acts or omissions of DIEGIDIO, MFGPC suffered damage and loss to its product and packaging materials together with a consequential loss of sales and business income for an amount in excess of $150,000.00.

**WHEREFORE**, MFGPC demands judgment against DIEGIDIO for an amount in excess of $150,000.00 together with interest, costs and such other relief as the court may deem equitable and just.

### COUNT III
### MFGPC v. Alpha

29. MFGPC incorporates by reference herein the averments set forth in the foregoing paragraphs of Plaintiffs' Complaint, as fully as though same were here set forth at length.

30. As a result of the acts or omissions of ALPHA, MFGPC suffered damage and loss to its product and packaging materials together with a consequential loss of sales and business income for an amount in excess of $150,000.00.

**WHEREFORE**, MFGPC demands judgment against ALPHA for an amount in excess of $150,000.00 together with interest, costs and such other relief as the court may deem equitable and just.

## COUNT IV
### Bacon Bites v. First Samco

31.   BACON BITES incorporates by reference herein the averments set forth in the foregoing paragraphs of Plaintiffs' Complaint, as fully as though same were here set forth at length.

32.   As a result of the acts or omissions of FIRST SAMCO, BACON BITES suffered damage and loss to its product and packaging materials together with a consequential loss of sales and business income for an amount in excess of $150,000.00.

**WHEREFORE,** BACON BITES demands judgment against FIRST SAMCO for an amount in excess of $150,000.00 together with interest, costs and such other relief as the court may deem equitable and just.

## COUNT V
### Bacon Bites v. Diegidio

33.   BACON BITES incorporates by reference herein the averments set forth in the foregoing paragraphs of Plaintiffs' Complaint, as fully as though same were here set forth at length.

34.   As a result of the acts or omissions of DIEGIDIO, BACON BITES suffered damage and loss to its product and packaging materials together with a consequential loss of sales and business income for an amount in excess of $150,000.00.

**WHEREFORE,** BACON BITES demands judgment against DIEGIDIO for an amount in excess of $150,000.00 together with interest, costs and such other relief as the court may deem equitable and just.

## COUNT VI
## Bacon Bites v. Alpha

35. BACON BITES incorporates by reference herein the averments set forth in the foregoing paragraphs of Plaintiffs' Complaint, as fully as though same were here set forth at length.

36. As a result of the acts or omissions of ALPHA, BACON BITES suffered damage and loss to its product and packaging materials together with a consequential loss of sales and business income for an amount in excess of $150,000.00.

**WHEREFORE**, BACON BITES demands judgment against ALPHA for an amount in excess of $150,000.00 together with interest, costs and such other relief as the court may deem equitable and just.


LAW OFFICES OF JONATHAN WHEELER, P.C.

BY: _____/jw994_____
JONATHAN WHEELER, ESQUIRE
Attorney I.D. No.: 12649
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103
(215) 568-2900
Attorney for Plaintiff(s)