**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

NAULTY, SCARICAMAZZA & McDEVITT, LLC
BY: ANGELO L. SCARICAMAZZA, JR., ESQ.
I.D. #23711
1617 JOHN F. KENNEDY BOULEVARD
750 ONE PENN CENTER
PHILADELPHIA, PA 19103
(215) 568-5116

ATTORNEY FOR DEFENDANT
Alpha & Omega Fire Sprinkler Company, Inc.

MFGPC, INC.; BACON BITES, INC.

vs.

FIRST SAMCO, INC.; ESTATE OF LOUIS DIEGIDIO; ALPHA & OMEGA FIRE SPRINKLER COMPANY, INC.

Civil Action No. 2:15-cv-0104

**ANSWER WITH AFFIRMATIVE DEFENSES
AND CROSS CLAIM
OF DEFENDANT, ALPHA & OMEGA FIRE SPRINKLER
COMPANY, INC., TO PLAINTIFFS' COMPLAINT**

*AND NOW, comes the defendant, Alpha & Omega Fire Sprinkler Company, Inc., by and through its counsel, NAULTY, SCARICAMAZZA & McDEVITT, LLC, and hereby responds to Plaintiffs' Complaint and in support thereof, avers as follows:*

1. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments contained in paragraph one of Plaintiffs' Complaint and therefore, said averments are deemed denied and strict proof thereof is demanded at time of trial.

2. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments contained in paragraph two of Plaintiffs' Complaint and therefore, said averments are deemed denied and strict proof thereof is demanded at time of trial.

3. The averments of this paragraph are not addressed to answering defendant and therefore, no responsive pleading is required under the applicable Rules of Procedure.

4. The averments of this paragraph are not addressed to answering defendant and therefore, no responsive pleading is required under the applicable Rules of Procedure.

5. Admitted.

## JURISDICTION

6. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments contained in paragraph six of Plaintiffs' Complaint and therefore, said averments are deemed denied and strict proof thereof is demanded at time of trial.

## OPERATIVE FACTS

7. It is admitted that defendant DiEgidio was the owner of certain premises. It is also averred that the premises known as "Waters Edge" is at a different location than what is allegedly involved herein.

8. Admitted in that information has been provided that First Samco was a tenant pursuant to a written Lease Agreement at the premises identified at 780 Haunted Lane, Bensalem, Bucks County, Pennsylvania.

9. Admitted in part; denied in part. It is admitted that defendant Alpha & Omega Fire Sprinkler Company, Inc. (hereinafter "Alpha & Omega") was responsible for the annual inspections of the fire protection system. Alpha & Omega never contracted to perform any inspections on the fire alarm. In addition, it is denied that defendant Alpha & Omega inspected and serviced the fire alarm protection system at the Waters Edge and/or at the Haunted Lane properties.

10. It is admitted that the Fire Marshal has stated that the fire originated at the premises occupied by First Samco.

11. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments contained in paragraph 11 of Plaintiffs' Complaint and therefore, said averments are deemed denied and strict proof thereof is demanded at time of trial.

12. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments contained in paragraph 11 of Plaintiffs' Complaint and therefore, said averments are deemed denied and strict proof thereof is demanded at time of trial. By way of further answer, plaintiffs have not attached any "co-packaging agreements" between MFGPC and Bacon Bites, and Gabe's Candy and Nut House.

13. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the nature of and/or extent of any damages allegedly sustained by plaintiffs and therefore, said averments are deemed denied and strict proof thereof is demanded at time of trial.

14. Denied. It is specifically denied that the fire sprinkler protection system failed to function for its intended purpose. On the contrary, the fire sprinkler protection system extinguished the fire and prohibited the fire from spreading to other portions of the premises located on Haunted Lane, Bensalem, Pennsylvania.

15. Denied as stated. However, it is admitted that defendant Estate of Louis DiEgidio never had the fire alarm monitored by any company at the time of this incident. In addition, after the fire, a bird's nest was found in the water gong alarm. However, it is denied as to whether it prevented the hammer from impacting the bell to sound the alarm. Therefore, the averments of paragraph 15 of Plaintiffs' Complaint are denied and strict proof thereof is demanded at time of trial.

16. It is admitted that Bensalem Township Fire Department believed that a space heater located under the desk of an employee of First Samco was the cause and origin of the fire. The fire suppression system immediately above this area extinguished the fire without it spreading to any other areas of the Haunted Lane properties.

## LIABILITY OF FIRST SAMCO

17. The averments of this paragraph are not addressed to answering defendant and therefore, no responsive pleading is required under the applicable Rules of Procedure.

18. The averments of this paragraph are not addressed to answering defendant and therefore, no responsive pleading is required under the applicable Rules of Procedure.

## LIABILITY OF DIEGIDIO

19. The averments of this paragraph are not addressed to answering defendant and therefore, no responsive pleading is required under the applicable Rules of Procedure.

20. The averments of this paragraph are not addressed to answering defendant and therefore, no responsive pleading is required under the applicable Rules of Procedure.

21. The averments of this paragraph are not addressed to answering defendant and therefore, no responsive pleading is required under the applicable Rules of Procedure.

## LIABILITY OF ALPHA & OMEGA

22. It is admitted that defendant Alpha & Omega was operating through its agents, servants and workmen in performing inspections of the fire sprinkler protection system at the premises in question.

23. Denied. It is denied that answering defendant serviced the fire sprinkler protection system. Defendant Alpha & Omega had agreed to perform annual inspections of the fire sprinkler protection system pursuant to NFPA 25. Answering defendant was not responsible to tie-in the fire sprinkler protection system to a local alarm servicing company, nor did the Bensalem Township regulations require that the fire alarm be tied into a local alarm servicing company.

24. Denied. The allegations set forth in paragraph 24 of Plaintiffs' Complaint constitute conclusions of law to which no responsive pleading is required under the applicable Pennsylvania Rules of Civil Procedure. However, to the extent that a response may be required, answering defendant denies all allegations of direct, factual and/or proximate cause, and denies all allegations of carelessness and negligent breach of its duty, and further responds that answering defendant: (a) denies that the fire sprinkler protection system was not properly inspected during the annual inspections; (b) denies that

defendant Alpha & Omega had any responsibility concerning the tie-in of the fire sprinkler protection system, or the fire alarm protection system to any local authority or any outside monitoring company; (c) denies that it failed to properly inspect the fire sprinkler protection system when it was last present at the premises; (d) specifically denies that the fire sprinkler protection system violated any of the Pennsylvania Uniform Building Codes, the International Fire Code, and it is denied that answering defendant's inspections did not conform with NFPA 25; (e) denies that it failed to act in a reasonable and proper manner in its performance of the annual inspections of the fire sprinkler protection system.

## COUNT I
## MFGPC v. First Samco

25. Answering defendant hereby incorporates by reference, its answers to paragraphs 1 through 24, inclusive, of Plaintiffs' Complaint, as if same were more fully set forth herein at length.

26. The averments of this paragraph are not addressed to answering defendant and therefore, no responsive pleading is required under the applicable Rules of Procedure.

WHEREFORE, defendant, Alpha & Omega Fire Sprinkler Company, Inc., demands that judgment be entered in its favor and against the plaintiffs.

## COUNT II
## MFGPC v. DiEgidio

27. Answering defendant hereby incorporates by reference, its answers to paragraphs 1 through 26, inclusive, of Plaintiffs' Complaint, as if same were more fully set forth herein at length.

28. The averments of this paragraph are not addressed to answering defendant and therefore, no responsive pleading is required under the applicable Rules of Procedure.

WHEREFORE, defendant, Alpha & Omega Fire Sprinkler Company, Inc., demands that judgment be entered in its favor and against the plaintiffs.

## COUNT III
## MFGPC v. Alpha & Omega

29. Answering defendant hereby incorporates by reference, its answers to paragraphs 1 through 28, inclusive, of Plaintiffs' Complaint, as if same were more fully set forth herein at length.

30. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the nature of and/or extent of the damages allegedly sustained by plaintiffs and therefore, said averments are deemed denied and strict proof thereof is demanded at time of trial.

WHEREFORE, defendant, Alpha & Omega Fire Sprinkler Company, Inc., demands that judgment be entered in its favor and against the plaintiffs.

## COUNT IV
### Bacon Bites v. First Samco

31. Answering defendant hereby incorporates by reference, its answers to paragraphs 1 through 30, inclusive, of Plaintiffs' Complaint, as if same were more fully set forth herein at length.

32. The averments of this paragraph are not addressed to answering defendant and therefore, no responsive pleading is required under the applicable Rules of Procedure.

WHEREFORE, defendant, Alpha & Omega Fire Sprinkler Company, Inc., demands that judgment be entered in its favor and against the plaintiffs.

## COUNT V
### Bacon Bites v. DiEgidio

33. Answering defendant hereby incorporates by reference, its answers to paragraphs 1 through 32, inclusive, of Plaintiffs' Complaint, as if same were more fully set forth herein at length.

34. The averments of this paragraph are not addressed to answering defendant and therefore, no responsive pleading is required under the applicable Rules of Procedure.

WHEREFORE, defendant, Alpha & Omega Fire Sprinkler Company, Inc., demands that judgment be entered in its favor and against the plaintiffs.

## COUNT VI
### Bacon Bites v. Alpha & Omega

35. Answering defendant hereby incorporates by reference, its answers to paragraphs 1 through 34, inclusive, of Plaintiffs' Complaint, as if same were more fully set forth herein at length.

36. Denied. After reasonable investigation, answering defendant is without knowledge or information

sufficient to form a belief as to the nature of and/or extent of the damages allegedly sustained by plaintiffs and therefore, said averments are deemed denied and strict proof thereof is demanded at time of trial.

WHEREFORE, defendant, Alpha & Omega Fire Sprinkler Company, Inc., demands that judgment be entered in its favor and against the plaintiffs.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a cause of action upon which the relief requested may be granted.
2. Defendant Alpha & Omega was only retained to perform annual inspections in accordance with NFPA 25 which defendant Alpha & Omega did perform, and supplied the inspection reports to Bensalem Township in accordance with the required regulations.
3. Defendant Alpha & Omega was not responsible for the monitoring of the fire alarm system.
4. Defendant Alpha & Omega never undertook the responsibility to monitor the fire alarm system.
5. Plaintiffs' Complaint must fail in that plaintiffs are unable to prosecute this action in the United States District Court for the Eastern District of Pennsylvania.
6. Defendant Alpha & Omega last inspected the fire sprinkler protection system on 04/30/2012, or approximately nine (9) months prior the fire in question.
7. The fire sprinkler protection system operated as designed in that it extinguished the fire.
8. Defendant Alpha & Omega was not the installer of the fire sprinkler protection system that was present at the location in question.
9. Defendant Alpha & Omega Fire Sprinkler Company, Inc., avers that at all times material hereto, the inspections were conducted in accordance with NFPA 25.

WHEREFORE, defendant Alpha & Omega Fire Sprinkler Company, Inc., demands that judgment be entered in its favor and against the plaintiffs, MFGPC, Inc. and Bacon Bites, Inc.

## CROSS CLAIM
## vs.
## First Samco, Inc. and Estate of Louis DiEgidio

1. If plaintiffs sustained the damages as a result of the conditions set forth more fully in Plaintiffs' Complaint, then said conditions were created and/or permitted to exist solely by reason of the carelessness, negligence, and/or breach of contract on the part of the defendants, First Samco, Inc.,

and Estate of Louis DiEgidio, who are alone liable unto the plaintiffs, jointly or severally liable, or liable over by way of contribution and/or indemnity.

WHEREFORE, defendant, Alpha & Omega Fire Sprinkler Company, Inc., demands that judgment be entered in its favor and against plaintiffs, MFGPC, Inc., and Bacon Bites, Inc., and defendants, First Samco, Inc., and Estate of Louis DiEgidio.

                                      NAULTY, SCARICAMAZZA & McDEVITT, LLC

        BY: _____
                    ANGELO L. SCARICAMAZZA, JR., ESQ.
                    Attorney for Defendant
                    Alpha and Omega Fire Sprinkler Company, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**NAULTY, SCARICAMAZZA & McDEVITT, LLC**
**BY: ANGELO L. SCARICAMAZZA, JR., ESQ.**
**I.D. #23711**
**1617 JOHN F. KENNEDY BOULEVARD**
**750 ONE PENN CENTER**
**PHILADELPHIA, PA 19103**
(215) 568-5116  **ATTORNEY FOR DEFENDANT**
**Alpha & Omega Fire Sprinkler Company, Inc.**

| | |
|---|---|
| **MFGPC, INC.; BACON BITES, INC.**<br><br>vs.<br><br>**FIRST SAMCO, INC.; ESTATE OF LOUIS DIEGIDIO; ALPHA & OMEGA FIRE SPRINKLER COMPANY, INC.** | Civil Action No. 2015-0104 |

## CERTIFICATION OF SERVICE

I, ANGELO L. SCARICAMAZZA, JR., ESQUIRE, hereby certify that a true and correct copy of the within pleading has been forwarded via the Court's electronic filing system on the date indicated below:

Jonathan Wheeler, Esq.
Law Offices of Jonathan Wheeler, P.C.
One Penn Center, Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103

Thomas F. Reilly, Esq.
Virginia King, Esq.
Sean Gallagher, Esq.
The Chartwell Law Offices, LLP
One Logan Square, 26th Floor
130 N. 18th Street
Philadelphia, PA 19103

Julianne M. Curry, Esq.
Margolis Edelstein
The Curtis Center, 4th Floor
601 Walnut Street
Philadelphia, PA 19106

BY: _____
ANGELO L. SCARICAMAZZA, JR., ESQ.
Attorney for Defendant
Alpha & Omega Fire Sprinkler Company, Inc.

Dated: Thursday, April 16, 2015