# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MFGPC, INC. | : | CIVIL ACTION |
| AND | : | |
| BACON BITES, INC. | : | |
| V. | : | |
| FIRST SAMCO, INC. | : | |
| AND | : | |
| ESTATE OF LOUIS DIEGIDIO | : | |
| AND | : | |
| ALPHA AND OMEGA FIRE | : | |
| SPRINKLER COMPANY, INC. | : | NO. 15-cv-0104 |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT FIRST SAMCO, INC. TO COMPLAINT OF PLAINTIFFS MFGPC, INC. AND BACON BITES, INC. WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant First Samco, Inc., by and through its Counsel Margolis Edelstein, hereby respectfully submits this Answer with Counter Claims to Plaintiffs' Complaint:

1. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of this averment and, therefore, denies this averment and demands strict proof thereof at trial.

2. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of this averment and, therefore, denies this averment and demands strict proof thereof at trial.

3. Admitted.

4. Denied as stated. It is denied that the Estate of Louis Diegidio is a Pennsylvania corporation.

5. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of this averment and, therefore, denies this averment and demands strict proof thereof at trial.

6. The allegations contained in this paragraph are conclusion of law to which a response is not required.

7. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of allegations contained in this paragraph and demands strict proof thereof at trial.

8. Admitted.

9. Admitted in part, denied in part. It is admitted only that Alpha & Omega Fire Sprinkler Co., Inc. was responsible for the testing, servicing, and inspection of the fire alarm protection and sprinkler system installed in Waters Edge. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in this paragraph and, therefore, denies these allegations and demands strict proof thereof at the time of trial.

10. Admitted in part, denied in part. It is admitted only that a fire occurred at Waters Edge on January 14, 2013. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in this paragraph and, therefore, denies these allegations and demands strict proof thereof at the time of trial.

11. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in this paragraph and, therefore, denies these allegations and demands strict proof thereof at the time of trial.

12. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in this paragraph and, therefore, denies these allegations and demands strict proof thereof at the time of trial.

13. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies these allegations and demands strict proof thereof at the time of trial.

14. Denied. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies these allegations and demands strict proof thereof at the time of trial.

15. Admitted in part, denied in part. It is admitted that a birds nest was found between the hammer and bell of the gong. After reasonable investigation, Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in this paragraph and, therefore, denies these allegations and demands strict proof thereof at the time of trial.

16. Denied. It is expressly denied that the Answering Defendant negligently or carelessly left a space heater on resulting in the ignition of a fire as alleged. Strict proof thereof will be demanded at the time of trial.

17. Denied. The allegations contained in this paragraph are conclusions of law to which a response is not required.

18(a-d). Denied. Answering Defendant denies all allegations of negligence and carelessness. Furthermore, Answering Defendant expressly denies that it caused the subject fire. Answering Defendant also expressly denied that it caused the Plaintiff's damages.

19. Admitted.

20. Admitted.

21(a-e) Admitted.

22. Admitted.

23. Admitted.

24(a-e) Admitted.

## COUNT I

25. This paragraph does not contain allegations to which Answering Defendant can respond.

26. Denied. Answering Defendant expressly denies that it caused the subject fire. Answering Defendant also expressly denied that it caused the Plaintiff's damages.

WHEREFORE, First Samco, Inc. denies that it is liable on the cause of action declared upon.

## COUNT II

27. This paragraph does not contain allegations to which Answering Defendant can respond.

28. The allegations contained in this paragraph are directed to a defendant other than First Samco, Inc.

WHEREFORE, First Samco, Inc. denies that it is liable on the cause of action declared upon.

## COUNT III

29. This paragraph does not contain allegations to which Answering Defendant can respond.

30. The allegations contained in this paragraph are directed to a defendant other than First Samco, Inc.

WHEREFORE, First Samco, Inc. denies that it is liable on the cause of action declared upon.

## COUNT IV

31. This paragraph does not contain allegations to which Answering Defendant can respond.

32. Denied. Answering Defendant expressly denies that it caused the subject fire. Answering Defendant also expressly denied that it caused the Plaintiff's damages.

WHEREFORE, First Samco, Inc. denies that it is liable on the cause of action declared upon.

## COUNT V

33. This paragraph does not contain allegations to which Answering Defendant can respond.

34. The allegations contained in this paragraph are directed to a defendant other than First Samco, Inc.

WHEREFORE, First Samco, Inc. denies that it is liable on the cause of action declared upon.

## COUNT VI

35. This paragraph does not contain allegations to which Answering Defendant can respond.

36. The allegations contained in this paragraph are directed to a defendant other than First Samco, Inc.

WHEREFORE, First Samco, Inc. denies that it is liable on the cause of action declared upon.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

If it is determined that the Defendant, First Samco, Inc. is liable on the Plaintiffs' cause of action, the Defendant avers that the Plaintiffs' recovery should be eliminated or reduced in accordance with the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. Section 7102.

### SECOND AFFIRMATIVE DEFENSE

It is further averred that if the Plaintiffs suffered any injuries/damages as alleged, they were caused solely and primarily by Plaintiffs' own carelessness, recklessness and negligence.

### THIRD AFFIRMATIVE DEFENSE

It is further averred that if the plaintiff suffered any injuries/damages as alleged, they were caused solely and primarily by the carelessness, recklessness and negligence of the third parties both known and unknown to the answering defendant and over whom answering defendant had no control.

### FOURTH AFFIRMATIVE DEFENSE

Answering defendant asserts that at the time and place averred in Plaintiff's Complaint an intervening and superceding event/action took place which as a matter of law relieves answering defendants from any and all liability.

### FIFTH AFFIRMATIVE DEFENSE

_____Answering Defendant acted at all times reasonably, prudently and consistently with any and all duties and obligations posed upon it by law or otherwise.

### SIXTH AFFIRMATIVE DEFENSE

_____Answering Defendant has no means of ascertaining the truth or falsity of the averments regarding Plaintiff's damages and the same are accordingly denied.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

_____Plaintiff's claims for damages were limited in whole or in part by statute.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims of negligence fail to set forth a cause of action upon which relief may be granted.

## TENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to set such other affirmative defenses as may be revealed through discovery and investigation.

## ELEVENTH AFFIRMATIVE DEFENSE

All claims of relief set forth in the Plaintiffs' Complaint are barred and/or limited by the doctrines of contributory and/or comparative negligence.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendant avers that the situs described in Plaintiff's Complaint was owned, possessed or controlled by another party and/or tenant, that it was their duty to keep and maintain said Situs in a reasonably safe condition and for ensuring that the fire protection sprinkler system and alarm system were properly serviced, tested, and inspected.

## COUNTERCLAIMS

Pursuant to the provisions of F.R.C.P. 13 Answering Defendant hereby avers the following Counterclaims:

1. It is averred that Co-Defendants Alpha & Omega Fire Sprinkler Company, Inc. and Estate of Louis Diegidio are solely liable to the Plaintiff on the cause of action, or are jointly and/or severally liable, reliable over to Defendant First Samco, Inc. on the cause of action declared upon in Plaintiff's Complaint.

2. First Samco, Inc. further avers that Co-Defendants Alpha and Omega Fire Sprinkler Company, Inc. and Estate of Louis Diegidio are alone liable or are jointly and severally liable or liable over to First Samco, Inc. on the cause of action declared upon in Plaintiff's complaint and, therefore, Co-Defendants Alpha & Omega Fire Sprinkler Company, Inc. and Estate of Louis Diegidio are hereby served and joined as Additional Defendants in this action.

3. First Samco Inc. also avers that if it is determined that First Samco, Inc. is liable on Plaintiff's cause of action, First Samco, Inc. avers that Alpha & Omega Fire Sprinkler Company, Inc. and Estate of Louis Diegidio are liable to First Samco, Inc., for indemnity and contribution pursuant to contract, lease and/or common law.

WHEREFORE, First Samco, Inc., denies that it is liable on the cause of action declared upon and, on the contrary, avers that Alpha & Omega Fire Sprinkler Company, Inc. and Estate of Louis Diegidio are liable and are liable for contribution and/or indemnity.

            Respectfully submitted,

            **MARGOLIS EDELSTEIN**


            */s/ Frederick T. Lachat*
            FREDERICK T. LACHAT, ESQUIRE
            JULIANNE M. CURRY, ESQUIRE
            Attorneys for Defendant First Samco, Inc.

# CERTIFICATE OF SERVICE

I, Julianne M. Curry, Esquire, certify that on the date listed below I caused to be served a true and correct copy of the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses and New Matter via electronic mail and United States mail, postage pre-paid, upon the following:

Anthony Scaricamazza
Naulty, Scaricamazza & McDevitt, LLC
One Penn Center at Suburban Station
1617 JFK Blvd., Suite 750
Philadelphia, PA 19103


Jonathan Wheeler, Esquire
Andrew Kasparian, Jr., Esq.
Joseph Scavitto, Jr., Esq.
One Penn Center, Suite 1270
1617 JFK Blvd.
Philadelphia, PA 19103


Thomas Reilly, Esquire
The Chartwell Law Offices, LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103


                                      */s/ Julianne Curry*
                                      JULIANNE M. CURRY
                                      Attorney for Defendant First Samco, Inc.

Date: April 22, 2017