UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MFGPC, INC.

and

BACON BITES, INC.

v.

FIRST SAMCO, INC.;

and

ESTATE OF LOUIS DIEGIDIO;

and

ALPHA and OMEGA FIRE SPRINKLER COMPANY, INC.

v.

KSR PARTNERSHIP a/k/a GABE'S CANDY AND NUT HOUSE, ANDREW H. KASPARIAN, JR. AND JOSEPH SCOVITTO, JR.

Civil Action No.: 15-cv-0104

**ORDER**

AND NOW, this __________ day of ______________________________, 2016, upon consideration of Defendant's First Samco, Inc., Motion for Summary Judgment, and Plaintiff's Response in Opposition thereto, it is hereby ORDERED and DECREED that First Samco, Inc.'s Motion for Summary Judgment is hereby DENIED.

BY THE COURT:

______________________________________

J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MFGPC, INC.

and

BACON BITES, INC.

v.

FIRST SAMCO, INC.;

and

ESTATE OF LOUIS DIEGIDIO;

and

ALPHA and OMEGA FIRE SPRINKLER COMPANY, INC.

v.

KSR PARTNERSHIP a/k/a GABE'S CANDY AND NUT HOUSE, ANDREW H. KASPARIAN, JR. AND JOSEPH SCOVITTO, JR.

Civil Action No.: 15-cv-0104

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO FOR SUMMARY JUDGMENT**

Plaintiff, Bacon Bites, Inc. ("Bacon Bites"), by and through its attorneys, Jonathan Wheeler, P.C., hereby files this Response in Opposition to the Motion of Defendant First Samco, Inc. ("Samco") for Summary Judgment and in support thereof avers as follows:

1. Admitted. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "1".

2. Admitted. As further response, Plaintiff's Complaint is a document which speaks for itself.

3. Admitted. As further response, Plaintiff's Complaint is a document which speaks for itself.

4. Admitted. As further response, Plaintiff's Complaint is a document which speaks for itself.

5. Admitted. As further response, Plaintiff's Complaint is a document which speaks for itself.

6. Denied as a conclusion of law to which no response is required.

7. Denied as a conclusion of law to which no response is required.

8. Denied as a conclusion of law to which no response is required.

**LEGAL ARGUMENT**

9. Admitted.

10. Admitted.

11. Denied as a conclusion of law to which no response is required.

12. Denied as a conclusion of law to which no response is required.

13. Admitted. As further response, Rule 8 of the Federal Rules of Civil Procedure that requires only a "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

14. Denied as a conclusion of law to which no response is required.

15. Denied as a conclusion of law to which no response is required.

16. Admitted.

17. Denied as a conclusion of law to which no response is required.

18. Denied as a conclusion of law to which no response is required.

19. Denied. As further response, Bacon Bites provided invoices and 2013 price list.

20. Denied. As further response, Bacon Bites provided invoices and 2013 price list.

21. Denied. As further response, testimony is supported by documentation provided.

22. Admitted in part, denied in part. It is admitted the deposition is accurately summarized. It is denied to the extent the transcript of the deposition is a document which speaks for itself.

23. Admitted in part, denied in part. It is admitted the deposition is accurately summarized. It is denied to the extent the transcript of the deposition is a document which speaks for itself.

24. Admitted in part, denied in part. It is admitted the deposition is accurately summarized. It is denied to the extent the transcript of the deposition is a document which speaks for itself.

25. Admitted in part, denied in part. It is admitted the deposition is accurately summarized. It is denied to the extent the transcript of the deposition is a document which speaks for itself.

26. Admitted in part, denied in part. It is admitted the deposition is accurately summarized. It is denied to the extent the transcript of the deposition is a document which speaks for itself.

27. Denied.

28. Denied. As further response, deposition and interrogatories are both documents which speak for themselves.

29. Admitted in part, denied in part. It is admitted the interrogatory is accurately summarized. It is denied to the extent the interrogatory is a document which speaks for itself.

30. Admitted in part, denied in part. It is admitted the deposition is accurately summarized. It is denied to the extent the transcript of the deposition is a document which speaks for itself.

31. Admitted.

32. Admitted.

33. Admitted in part, denied in part. It is admitted the deposition is accurately summarized. It is denied to the extent the transcript of the deposition is a document which speaks for itself.

34. Denied as a conclusion of law to which no response is required.

35. Denied.

36. Admitted in part, denied in part. It is admitted the deposition is accurately summarized. It is denied to the extent the transcript of the deposition is a document which speaks for itself.

37. Admitted in part, denied in part. It is admitted the deposition is accurately summarized. It is denied to the extent the transcript of the deposition is a document which speaks for itself.

38. Denied.

39. Denied.

40. Admitted.

41. Denied as a factual conclusion not supported by the evidence. As further response, the transcript of the deposition is a document which speaks for itself.

42. Denied as a conclusion of law to which no response is required.

43. Denied as a conclusion of law to which no response is required.

44. Denied as a conclusion of law to which no response is required.

45. Denied as a conclusion of law to which no response is required.

46. Denied as a conclusion of law to which no response is required.

47. Denied as a conclusion of law to which no response is required.

48. Denied as a conclusion of law to which no response is required.

49. Denied as a conclusion of law to which no response is required.

50. Denied as a conclusion of law to which no response is required.

51. Denied as a conclusion of law to which no response is required.

52. Denied as a conclusion of law to which no response is required.

53. Denied as a conclusion of law to which no response is required.

54. Denied as a conclusion of law to which no response is required.

55. Denied as a conclusion of law to which no response is required.

56. Denied as a conclusion of law to which no response is required.

57. Denied as a conclusion of law to which no response is required.

58. Denied as a conclusion of law to which no response is required.

59. Denied as a conclusion of law to which no response is required.

60. Denied as a conclusion of law to which no response is required.

61. Denied as a conclusion of law to which no response is required.

62. Denied as a conclusion of law to which no response is required.

63. Denied as a conclusion of law to which no response is required.

64. Denied as a conclusion of law to which no response is required.

65. Denied as a conclusion of law to which no response is required.

66. Denied as a conclusion of law to which no response is required.

67. Denied as a conclusion of law to which no response is required.

WHEREFORE, for the reasons set forth above, in addition to those set forth more fully in the accompanying Memorandum of Law, which is incorporated by reference as thought set forth herein, Defendant's Motion for Summary Judgment should be denied.

Respectfully submitted,

Dated: July 15, 2016

*Jonathan Wheeler / jw994*

JONATHAN WHEELER, ESQUIRE
LAW OFFICES OF JONATHAN WHEELER, P.C.
Attorney I.D. No.: 12649
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103
(215) 568-2900
jwheeler@jwheelerlaw.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MFGPC, INC.

and

BACON BITES, INC.

v.

FIRST SAMCO, INC.;

and

ESTATE OF LOUIS DIEGIDIO;

and

ALPHA and OMEGA FIRE SPRINKLER COMPANY, INC.

v.

KSR PARTNERSHIP a/k/a GABE'S CANDY AND NUT HOUSE, ANDREW H. KASPARIAN, JR. AND JOSEPH SCOVITTO, JR.

Civil Action No.: 15-cv-0104

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO FOR SUMMARY JUDGMENT**

Plaintiff, Bacon Bites, Inc. ("Bacon Bites"), by and through its attorneys, Jonathan Wheeler, P.C., hereby files this Memorandum of Law in support of their Response in Opposition to the Motion of Defendant First Samco, Inc. ("Samco") for Summary Judgment.

## INTRODUCTION

The Court should deny Defendant's Motion for Summary Judgment for multiple reasons. First, Plaintiff pleaded its damages with the factual specificity required by Rule 8 of the Federal Rules of Civil Procedure that requires only a "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Next, Plaintiff pleaded, in good faith, in excess of the amount in controversy requirement at the time the Complaint was filed. Consequently, this Court should deny Defendant's Motion for Summary Judgment.

## STATEMENT OF FACTS

### *A. Procedural Background*

Plaintiff commenced the action by filing Complaint against Alpha and Omega Fire Sprinkler Company, Inc., the Estate of Louis DiEgidio, and First Samco, Inc. on January 12, 2015. See Docket (Exh. 4). Defendant filed the present Motion for Summary Judgment, and the motion is currently pending before the Court.

### *B. Factual Background*

This is a multi-party action for negligence as a result of a fire that took place at the industrial park owned by the Moving Defendant on January 14, 2013. See generally Pls. Compl. (Exh. 1). Prior to the fire, Plaintiff had entered into a co-packaging agreement with a tenant of the industrial park that resulted in substantial quantities of Plaintiff's inventory and packaging products to be used on the premises. See Pls. Compl. ¶12 (Exh. 1). The fire caused the destruction of the inventory and packaging materials, the interruption of Plaintiff's business activities, and, ultimately, significant loss of sales and business income. See Pls. Compl. ¶13 (Exh. 1).

## ISSUES PRESENTED

I. Whether the Court should deny Defendant's Motion for Summary Judgment, because the Plaintiff has properly pleaded damages?

(*Suggested Answer: Yes*)

II. Whether the Court should deny Defendant's Motion for Summary Judgment because the Plaintiff, at the time of the Complaint, pleaded damages in good-faith in excess of the amount in controversy requirement?

(*Suggested Answer: Yes*)

## ARGUMENT

### Standard of Review for Motion for Summary Judgment

Summary judgment should be granted where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Mandel v. M&Q Packaging Corp., 706 F.3d 157, 164 (3d Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). Facts are to be viewed in the light most favorable to the non-moving party and all inferences should be drawn in their favor. Id. A court may grant summary judgment only when the:

> [Pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitle dot judgment as a matter of law.

F.R.C.P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247–48 (1986). An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson 477 U.S. at 248. The party asserting the existence of a genuine dispute of material fact "is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth

at trial." Id. at 248–49. The Court's role at summary judgment is not to weigh the evidence, but to determine whether there is an issue upon which a reasonable jury could return a verdict in the non-moving party's favor. Id.

**I. Bacon Bites Has Pleaded Damages With the Appropriate Specificity As Required.**

Under Pennsylvania law, "there is no requirement that a damage calculation meet a standard of mathematical certainty." E. Elec. Corp. v. Shoemaker Constr. Co., 652 F.Supp.2d 599, 605 (E.D. Pa. 2009). Furthermore, Rule 8(a)(3) requires only a "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). In the Complaint, Plaintiff pleaded damages "in excess of $150,000 exclusive of interest and costs." See Pls. Compl. ¶6 (Exh. 1).

Furthermore, Bacon Bites loss was calculated by multiplying the inventory damaged by its for-sale price and subtracting ten percent for shipping costs. See Rosenberg Dep. 87-88 (Exh. 2); see also Bacon Bites Price List 2013 (Exh. 3). For example, invoice 2641 notes inventory of 796 Twinky boxes, 662 Oreo packs, 1297 Oreo three-packs, and 1064 peanut butter boxes. See Invoice 2641 dated December 10, 2012 (Exh. 5). Using simple arithmetic and the Bacon Bites Price List 2013, the value of revenue lost for that invoice includes $4,776.00 for Twinky boxes, $3,972.00 for Oreo packs, $7,782.00 for Oreo three-packs, and $10,640.00 for peanut butter boxes. In total, based on the invoices provided by Bacon Bites, the total lost sales is $50,210. See Invoice 2641 dated December 10, 2012 (Exh. 5); see also Invoice 2181 dated November 12, 2012 (Exh. 6); see also Bacon Bites Price List 2013 (Exh. 3). Therefore, Bacon Bites has more than satisfied the requirements of Rule 8(a)(3) and this is a disputed issue of fact to be determined by the fact finder, not an issue for summary judgment.

**II. Bacon Bites Pleaded its Damages in Good Faith in Excess of the Jurisdictional Amount in Controversy at the Time the Complaint Was Filed.**

Pursuant to 28 U.S.C. §1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" §1332(a). As a general rule, courts "accept a party's good faith allegation of the amount in controversy[.]" Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995). Specifically, "when federal subject matter jurisdiction is based on diversity of citizenship, the amount in controversy must be determined *from an examination of the complaint at the time it was filed*." Horton v. Liberty Mutual Ins., Co., 367 U.S. 348, 353 (1961) (emphasis added).

More plainly, "[i]n a diversity action, the amount in controversy is determined at the time the action is commenced. Middleton v. Realen Homes, Inc., 24 F.Supp.2d 430, 436 (E.D. Pa. 1998). In the present case, Plaintiffs complaint pleaded in good faith damages "in excess of $150,000.00 exclusive of interest and costs." See Pls. Compl. ¶6 (Exh. 1). The amount pleaded represented more than $75,000.00 for each plaintiff, including Bacon Bites good-faith claims for damages related to inventory destroyed as a result of the fire, interruption of business activity, and loss of sales and business income. Therefore, because at the time the Complaint was filed, Plaintiff believed the damages to be in excess of $75,000, federal diversity jurisdiction is proper. This is a disputed issue of fact to be determined by the fact finder, not an issue for summary judgment.

**CONCLUSION**

For all of the foregoing reasons, the Court should deny the Estate's Motion for Summary Judgment.

Respectfully submitted,

Dated: July 15, 2016

*Jonathan Wheeler / jw994*

JONATHAN WHEELER, ESQUIRE
LAW OFFICES OF JONATHAN WHEELER, P.C.
Attorney I.D. No.: 12649
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103
(215) 568-2900
jwheeler@jwheelerlaw.com
Attorney for Plaintiffs